## MORGAN, vs. FURST & AL.

Appeal from the court of the first district.

If property attached, be released on bond, they who give the bond cannot afterwards plead that the

Martin. J. delivered the opinion of the court. The plaintiff states, that having levied an attachment, as sheriff, on a quantity of tobacco stems, the defendants obtained the release

of it, on giving bond to hold it, or its pro-ceeds, subject to the judgment of the court; that the plaintiff in the attachment had judg-ment therefor, and the defendants refuse to deliver the tobacco, or proceeds.

The answer denies the plaintiff's legal or equitable interest in the tobacco, and conse-quently his right of action, and avers that the tobacco was the property of Reynolds, and before attached, was purchased from him by Furst, under an agreement that it should be shipped to Hamburg, on the joint account of Furst and Reynolds, and that a part of it was already on board at the time of the attachment; that the amount of the half was $631, of which Furst has paid $306 for storage on the whole, at the request of the plaintiff in the attachment, who knew all this and agreed to the shipment; that by the last accounts the tobacco could not be sold at Hamburg for costs and charges.

There was judgment for the plaintiff, and the defendants appealed.

The statement of facts shows, that the par-ties agreed, on the tobacco being attached in the suit of Clark *vs.* Oddie, that on Furst

East'n. District.
*January* 1826.

MORGAN
*vs.*
FURST & AL.

sheriff had no right in the goods.

In whatever way a man ap-pears to bind himself, he is bound.

giving bond, in the penalty of $957, to abide the decree of the court, the tobacco should be delivered to him.

Oddie having failed, and Clark being appointed his syndic, the latter obtained a rule on Furst, to show cause why he should not be ordered to pay the proceeds of the tobacco to him, for the benefit of the mass. The rule was, no cause being shown, made absolute for the payment of the penalty in the bond.

The property attached was by the final decree of the court in the case of Clark *vs.* Oddie, decreed to be sold for the payment of the creditors, the intervening claimant (Reynolds) under whom the present defendants' claim, having withdrawn his claim.

Devance, a witness for the defendants, deposed that he is Furst's clerk, and heard a conversation between Furst and Reynolds, in which it was agreed that 180 hhds. tobacco stems should be shipped to Hamburgh for their joint account; that after shipping a part of the tobacco, the whole was attached by Clark as Oddie's property, and afterwards Clark and Furst agreed the shipment should go on

according to the agreement, and Furst should give bond for the tobacco at three-fourths of a cent per pound, and account for the proceeds to whoever should be deemed the owner; and accordingly Furst gave his bond for the value of the tobacco, rating it as above, and deducting the storage. At the time of this agreement, the tobacco was in Reynolds' possession, and was delivered to Furst to be shipped, and he was always willing to pay the difference between $631 and 300. He has not yet received an account of sales from Hamburg, and according to the last letters, the tobacco was still on hand. The witness has access to Furst's correspondence, and knows the situation of the tobacco.

On the cross examination, the witness declared he was present at a conversation between Clark and Furst, the particulars of which he does not recollect. He derives his knowledge of the agreement he has stated from Furst; he recollects the former telling the latter not to buy the tobacco, as he, Clark, claimed it. This was after the agreement between Furst and Reynolds. The half of the tobacco at the rate specified, amounted to $631, and Furst paid $300 for storage on

East'n.District. the whole, according to the agreement be-
*January* 1826. tween Reynolds and Furst, the latter was to
MORGAN
*vs.* take one half of the tobacco at three fourths
FURST & AL. of a cent per pound, and advanced the value
of the other half at the like rate, and account-
ing for the proceeds.

Reynolds, a witness of the plaintiff, depos-
ed, his agreement with Furst was substan-
tially as stated by the preceding witness.
Furst after the shipment, offered to take the
whole tobacco on his account, paying for the
second half at the same rate, as for the first,
the money remaining in the sheriff's hands,
subject to the decision of the court. The
witness consented to this, and it was accord-
ingly so done.

On the cross examination, this witness de-
clared he did not know Clark, in the agree-
ment made with the defendant. The note
given by witness to Spicer, for the tobacco,
is still out and unpaid, and the witness has
not received any thing for the tobacco.

The counsel for the defendant, urges that
the bond sued on, is not one given by the de-
fendant in an attachment case, according to
the statute. *Martin's Digest—vide attachments.*

That the defendant had acquired an in-
terest in the property, before the attachment

East'n. District.
*January,* 1826.
MORGAN
*vs.*
FURST & AL.

was laid on it; the bond was therefore taken, on the understanding of the parties, that he should send the property to market, and account for the proceeds, as appears from the condition. To compel the defendant to pay the value, is to force a sale on him.

There is no proof of notice of the judgment to the defendant, neither was he required to bring the proceeds of the property into court.

The plaintiff's counsel urges, that the objection to the form of action, was waived below by the pleadings, and cannot avail here. *Duchamp* vs. *Nicholson, vol.* 2. 670.

That the agreement filed in Clark, and Oddie, shows *notice* to Furst of the decree, and puts him *en demeure,* if necessary, which is not the case, as the plaintiff now demands the value or amount of the property, which is the exact amount of the penalty, fixed by the Court at $1200, but reduced by the agreement of the parties, to what Furst's answer shows to be the real debt. *Bryan* vs. *Cox. vol.* 3, 575.

That on the merits the testimony of the first witness is of no weight, for he informs us he derives his knowledge from the defendant as hearsay; and Reynolds deposes the latter took the property on his own account; it was

East'n. District. worth $1262, he had paid $306 for storage,
January, 1826. and the balance was $956; for which judg-

MORGAN ment is prayed.
*vs.*
FURST & AL.    We think the defendant having given his
bond to the sheriff, who delivered him the
property attached, cannot urge that the plain-
tiff has neither legal nor equitable interest.
The defendant has given him by his deed, a
*legal* right, and the delivery of the goods raises
an equity; in whatever mode a party binds
himself, he is, by our law, bound.

The defendant cannot avail himself of any
right on Reynolds, while he admits the latter
withdrew his claim; neither can he urge
property in himself, after having bound him-
self to hold the proceeds to the order of the
court.

The proceedings in the case of Clark *vs.*
Oddie, clearly show notice of the decree,
and a demand on Furst.

The testimony of Reynolds, establishes
Furst's liability for a fixed sum; which he
bound himself to pay.

It is therefore ordered, adjudged and de-
creed. that the judgment of the district court
be affirmed with costs.

*Strawbridge* for the plaintiff, *Hoffman* for the
defendants.